### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

BIANCA KARTERON,

               Plaintiffs,          Civ. No. 1:22-cv-00539-NLH-SAK

      v.                    **OPINION**

MERRICK GARLAND, et al.,

               Defendant.

---

**APPEARANCES**:

BIANCA MADELANE KARTERON
57 NIXON AVE
BRIDGETON, NEW JERSEY 08302

    *Pro se Plaintiff*

PETER SOSINSKI
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
25 MARKET STREET, 2ND FL, WEST WING
P.O. BOX 116
TRENTON, NEW JERSEY 08625

    *Attorney for the Defendant Former New Jersey Attorney*
    *General Andrew Buck*

SAMUEL A. ANYAN
WAPNER NEWMAN WIGRIZER BRECHER & MILLER
2000 MARKET STREET
SUITE 2750
PHILADELPHIA, PENNSYLVANIA 19103

    *Attorney for Former President of the National Bar*
    *Association CK Hoffler*

**HILLMAN**, District Judge

Before the Court is Plaintiff's Motion for Recusal.  (ECF 12, 13).  For the reasons expressed herein, this Court will deny the motion.

## I.   **BACKGROUND**

There are a number of other proceedings that present the background for this case.  Significantly, on October 23, 2017 Plaintiff filed a complaint in this District Court, docketed at 1:17-cv-08904-NLH-JS.  This Court dismissed that matter as barred by the Eleventh Amendment and precluded under the Rooker-Feldman doctrine.  (No. 1:17-cv-08904-NLH-JS, ECF 27).[1] Plaintiff files the instant complaint seemingly in response to that dismissal.

This Court set out the background to Plaintiff's allegations in its Opinion dismissing case No. 1:17-cv-08904-NLH-JS ("2017 Action") as follows:

> Plaintiff claims that when she was fired from her employer, Sodat, she was unable to find new employment for three years, despite using the state of New Jersey's unemployment resources.  Plaintiff claims that she was blacklisted after her termination, and the state unemployment assistance program did not inform her of the New Jersey Conscientious Employee Protection Act relating to her claims of illegal conduct by Sodat.  Plaintiff also claims that she was unable to obtain legal counsel "without title one resources and sitting in

---

[1] Plaintiff attempted to appeal this dismissal to the United States Supreme Court, but, according to the complaint in this case, was unsuccessful.  (ECF 1-4 at 8).

2

> the unemployment office."  Plaintiff claims
> that as a result, she has suffered from
> depression and her reputation has been
> ruined.
>
> Previously in March 2015, Plaintiff
> filed a New Jersey state court complaint
> against the same Defendants alleging the
> same claims.  That case was dismissed at the
> trial level, affirmed by the appellate
> division, and the N.J. Supreme Court denied
> Plaintiff's petition for certification on
> May 11, 2017. See Karterton v. New Jersey
> Department of Human Services, Office of
> Licensing, 2017 WL 1955190, at *1 (N.J.
> Super. Ct. App. Div. 2017); Karterton v. New
> Jersey Department of Human Services, 170
> A.3d 342, 343 (N.J. 2017).

In her complaint filed in the 2017 Action, Plaintiff

brought claims against the One Stop Career Center, the New Jersey

Department of Labor and Workforce Development, and Anthony

Chiesa, in his official capacity as the manager of One Stop

Career Center, alleging violations of her constitutional and

state law rights.

In the instant case, Plaintiff makes similar arguments,

this time against (1) the U.S. Department of Labor; (2) the EEOC

Manager; (3) Andrew Buck, former New Jersey Attorney General,

and (4) and CK Hoffler, former president of the National Bar

Association.  Plaintiff's complaint includes allegations about

this Court.  Specifically, Plaintiff states that when she

appealed this Court's dismissal of her case to the Third

Circuit, "Emily Bisnauth was the new attorney but Judge Noel

Hillman began writing the Legal Briefs from this point on."

(ECF 1 at 10).  She further alleges that "Judge Hillman from this level supported the Rooker Feldman but neglects that the Constitution allow 'the people' to participate in proceedings AS A PRIVATE LITIGANT."  (Id. (emphasis in original)).

On June 24, 2022, Plaintiff filed a letter that included a request for the undersigned to be recused from the instant case. (ECF 12).  In this letter, Plaintiff wrote: "Judge Noel Hillman remove yourself from case 1:22-cv-00539.  You dismissed me the first time.  You did not defend the constitution as an American. Not one lawyer or judge defended the Constitution.  Please get off the case.  You are compromised."  (ECF 12 at 2).  On July 11, 2022, Plaintiff filed a motion seeking to have the undersigned recused from this matter and requesting a disciplinary oversite committee.  (ECF 13).

## II.  LEGAL STANDARD

Recusal is within the sound discretion of the trial court judge.  United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985).  Two federal statutes apply to recusal of a federal judge: 28 U.S.C. §§ 144 and 455. Plaintiff does not cite to either.

28 U.S.C. § 144 provides for recusal where a Judge has "personal bias or prejudice either against [the party seeking recusal] or in favor of any adverse party."  Because § 144 requires the moving party to "make[] and file[] a timely and

sufficient affidavit" 28 U.S.C. § 144, and Plaintiff has not done so, we construe her motion as moving pursuant to § 455 and not § 144.[2]

Under 28 U.S.C. § 455(a), a judge must disqualify himself where "his impartiality might be questioned." Under § 455(b)(1) he must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[3]

As the Third Circuit has held, "[t]he test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citing Alexander v. Primerica Holdings, 10 F.3d 155, 164 (3d Cir. 1993)). Under § 455(a), a movant need not show actual bias. Id. at 302. Further, the Third Circuit explained:

> The hypothetical reasonable person under §
> 455(a) must be someone outside the judicial
> system because judicial insiders,

---

[2] Even if Plaintiff's Motion for Recusal could be construed as brought under 28 U.S.C. § 144, it is fatally deficient based on the lack of a corresponding affidavit.

[3] The Court notes that disqualification is also required in four other situations under 28 U.S.C. § 455(b), but it does not appear Plaintiff includes disqualification arguments related to these other subsections. The Court finds, regardless, that disqualification would be inappropriate under 28 U.S.C. § 455(b)(2)-(5) as they are inapplicable to this case.

> "accustomed to the process of dispassionate
> decision making and keenly aware of their
> Constitutional and ethical obligations to
> decide matters solely on the merits, may
> regard asserted conflicts to be more
> innocuous than an outsider would."

Id. at 303 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Under § 455(b)(1), a movant must show "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree."  Liteky v. United States, 510 U.S. 540, 550 (1994) (emphasis in original).  Unlike § 455(a), § 455(b)(1) requires not just the appearance of partiality, but a showing of actual bias or prejudice held.  See United States v. Sciarra, 851 F.2d 621, 635 (3d Cir. 1988) ("Although subsection (a) requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact." (citing United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982), cert. denied, 462 U.S. 1118 (1983))).

With respect to prior judicial rulings, as the United States Supreme Court has stated, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky, 510 U.S. at 555; see also D'Amario v. Bailey, 182 F. App'x 102, 103 (3d Cir. 2006) ("Adverse legal rulings are

not proof of prejudice or bias and, almost never, a basis for
recusal under 28 U.S.C. §§ 144 or 455(b)(1).").  They reasoned:
"they cannot possibly show reliance upon an extrajudicial
source; and can only in the rarest circumstances evidence the
degree of favoritism or antagonism required . . . when no
extrajudicial source is involved."  Id.  Instead, a litigant's
disagreements or complaints about an opinion or order "are
proper grounds for appeal, not for recusal."  Id.

   III. **DISCUSION**

      **A. Recusal**

      Plaintiff's initial request for recusal states that this
Court "did not defend the constitution."  (ECF 12 at 2).  In her
motion, Plaintiff asks for recusal premised on what we
understand to be her characterization of this Court's actions in
the 2017 Action.  She asks that the undersigned be removed "for
not litigating the case, no proper referral, no proper education
of process, not honoring the Bill of Rights 7, 9, 10, 14 in
every capacity.  Judge Noel Hillman knew it was a mistrial from
the New Jersey Court system. . . . Judge Noel's opinions ignored
Plaintiff's violated laws mentioned, sighted the wrong law . . .
. He allowed the Executive Branch to NOT TURNOVER the evidence."
(ECF 13 at 1 (emphasis in original)).  Plaintiff also describes
a qualm within the present case, stating that the Department of
Labor dismissed itself and "Judge Hillman did NOT EVEN ALLOW

PLAINTIFF TO GET A MOTION OF EXTENSION."[4]  (Id. (emphasis in original)).

        First, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(a).  To the extent that Plaintiff is arguing that the undersigned suffers bias as a result of the 2017 Action, the Court never opined on the merits of the action.  The Court's decisions in the 2017 Action dealt with a procedural bar to this Court's reaching the merits pursuant to sovereign immunity and the Rooker-Feldman doctrine. Plaintiff has not pointed to how any of this decision shows partiality toward any party, especially as the parties here are distinct from the parties in the 2017 Action.  To the extent Plaintiff is arguing that this Court demonstrated bias by permitting the Department of Labor to dismiss itself from the case without permitting Plaintiff to respond or permitting extended time to serve, we reiterate that as of the time of this writing the Department of Labor is still a party to this action. The Department of Labor did not dismiss itself, nor has this

_____

[4] We note that the Department of Labor has not been dismissed as of Plaintiff's motion for recusal.  Rather, the letter that Plaintiff provides demonstrating that "the Department of Labor dismisses itself off the case" seems to be a response to a complaint that Plaintiff filed with the Civil Rights Center of the Department of Labor, in which the Department of Labor declines to investigate her complaint.  From the information before us, we note that this letter had no bearing on the status of the Department of Labor as a defendant in this action.

Court issued any Order related to it.  Plaintiff may not seek recusal simply because the Court exercised it duties to issue rulings in the case.  Plaintiff's Motion for Recusal under § 455(a) will be denied.

Second, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(b)(1).  Plaintiff has failed to show the undersigned has "personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  As such, Plaintiff's argument for recusal under § 455(b)(1) is limited to whether the undersigned "has a personal bias or prejudice concerning a party."  Plaintiff's main evidence of any bias against him is the Court's decisions in the 2017 Action, and the Court's alleged conduct in the instant case.

In the 2017 Action, this Court was constrained by the Rooker-Feldman doctrine.  The Court did not have discretion, but instead dismissed as required by federal law.  Thus, as stated above, the evidence is not sufficient to show actual bias here. See D'Amario, 182 F. App'x at 103 (3d Cir. 2006) (affirming the denial of a motion to recuse because it was "no more than a disagreement with the legal conclusions of the District Judge"); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (finding no abuse of discretion on review of a denial of a recusal motion and stating "a party's displeasure

9

with legal rulings does not form an adequate basis for recusal").

### B. Disciplinary Oversight Committee

Plaintiff files a notice of motion, requesting that the Court "follow Rule 1:20(b)(a)-137) Request Disciplinary Oversight Committee in **Practice Setting** in the law community." (ECF 13 at 2).  We presume that Plaintiff refers to New Jersey Court Rule 1:20B, which requires the Supreme Court to establish a Disciplinary Oversight Committee for "administering the attorney disciplinary system."  It is unclear exactly what Plaintiff is seeking through this request.  Plaintiff states that "[a] Disciplinary Oversight Committee examines Defendants opinions brief and the process that will prove the Court understood the claim."  (ECF 13 at 2).  We note that New Jersey Court Rule 1:20B does not provide for any action by this Court.  Thus, we will deny her motion seeking relief under "Rule 1:20(b)(a)-137)" as failing to request cognizable relief.

### IV.   <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's motion is denied.

An appropriate order will be entered.


Date: February 24, 2023                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.


10