```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
 _____
                               |
    BIANCA KARTERON,            |
                               |
              Plaintiffs,       |   Civ. No. 1:22-cv-00539-NLH-SAK
                               |
         v.                    |   OPINION
                               |
    MERRICK GARLAND, et al.,    |
                               |
              Defendant.        |
 _____|
```

**APPEARANCES**:

BIANCA MADELANE KARTERON
57 NIXON AVE
BRIDGETON, NEW JERSEY 08302

    *Pro se Plaintiff*

PETER SOSINSKI
OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
25 MARKET STREET, 2ND FL, WEST WING
P.O. BOX 116
TRENTON, NEW JERSEY 08625

    *Attorney for the Defendant Former New Jersey Attorney*
    *General Andrew Buck*

SAMUEL A. ANYAN
WAPNER NEWMAN WIGRIZER BRECHER & MILLER
2000 MARKET STREET
SUITE 2750
PHILADELPHIA, PENNSYLVANIA 19103

    *Attorney for Former President of the National Bar*
    *Association CK Hoffler*

**HILLMAN**, **District Judge**

1

Before the Court is Defendant CK Hoffler's Motion to Dismiss (ECF 5) and Defendant Andrew Buck's Motion to Dismiss (ECF 17). For the reasons expressed below both Defendant CK Hoffler and Defendant Andrew Buck's Motion to Dismiss will be granted. In addition, this case will be dismissed against all defendants.

I.  **BACKGROUND**

There are a number of other proceedings that present the background for this case. Significantly, on October 23, 2017 Plaintiff filed a complaint in this court, docketed at 1:17-cv-08904-NLH-JS. This Court dismissed that matter as barred by the Eleventh Amendment and precluded under the Rooker-Feldman doctrine. (1:17-cv-08904-NLH-JS, ECF 27).[1] Plaintiff files the instant complaint seemingly in response to that dismissal.

This Court set out the background to Plaintiff's allegations in its Opinion dismissing case 1:17-cv-08904-NLH-JS as follows:

> Plaintiff claims that when she was fired from her employer, Sodat, she was unable to find new employment for three years, despite using the state of New Jersey's unemployment resources. Plaintiff claims that she was blacklisted after her termination, and the state unemployment assistance program did not inform her of the New Jersey Conscientious Employee Protection

---

[1] Plaintiff attempted to appeal this dismissal to the United States Supreme Court, but, according to the complaint in this case, was unsuccessful. (ECF 1-4 at 8).

>Act relating to her claims of illegal conduct by Sodat.  Plaintiff also claims that she was unable to obtain legal counsel "without title one resources and sitting in the unemployment office."  Plaintiff claims that as a result, she has suffered from depression and her reputation has been ruined.
>     Previously in March 2015, Plaintiff filed a New Jersey state court complaint against the same Defendants alleging the same claims.  That case was dismissed at the trial level, affirmed by the appellate division, and the N.J. Supreme Court denied Plaintiff's petition for certification on May 11, 2017. See Karteron v. New Jersey Department of Human Services, Office of Licensing, 2017 WL 1955190, at *1 (N.J. Super. Ct. App. Div. 2017); Karteron v. New Jersey Department of Human Services, 170 A.3d 342, 343 (N.J. 2017).

In her complaint filed at 1:17-cv-08904-NLH-JS, Plaintiff brought claims against the One Stop Career Center, the New Jersey Department of Labor and Workforce Development, and Anthony Chiesa, in his official capacity as the manager of One Stop Career Center, alleging violations of her constitutional and state law rights.

In the instant case, Plaintiff makes similar arguments, this time against (1) the U.S. Department of Labor; (2) the EEOC Manager; (3) Andrew Buck, former New Jersey Attorney General, and (4) CK Hoffler, former president of the National Bar Association.[2]  (ECF 1 at 2).

---

[2] We note that while Attorney General Merrick Garland is not listed specifically as a defendant in her complaint, he appears

3

On March 21, 2022, Defendant CK Hoffler filed a Motion to Dismiss.  (ECF 5).  On April 11, 2022, Plaintiff filed a response.  (ECF 7).  On October 3, 2022, Defendant Andrew Buck filed a Motion to Dismiss.  (ECF 17).  On October 25, 2022, Plaintiff filed a response.  (ECF 19).  On October 31, 2022, Andrew Buck filed a reply.  (ECF 20).

On June 24, 2022, Plaintiff filed a letter that included a request for the undersigned to be recused from the instant case.  (ECF 12 at 2).  On July 11, 2022, Plaintiff filed a motion seeking to have Judge Hillman recused from this matter.  (ECF 13).  This Court has issued an Opinion and Order on this motion denying the motion to recuse.

## II.   DISCUSION

### A. Subject Matter Jurisdiction

Plaintiff's asserted basis for this Court's jurisdiction is 28 U.S.C. § 1331.  A court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies.  Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).  As discussed below, this Court lacks subject matter jurisdiction over Plaintiff's case under the Rooker-Feldman doctrine.

---

on the docket as a defendant and Plaintiff has filed letters demonstrating her attempt to serve him.   (ECF 8).

4

### B. Rooker-Feldman Doctrine

Although Plaintiff has added new parties, it is clear from her complaint that she is seeking this Court's review of the state court decisions in her state court case as well as a re-do of the case she filed in this Court previously seeking review of the state court proceedings. Just as we held in our opinion dismissing 1:17-cv-08904-NLH-JS, the relief Plaintiff seeks is precluded under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, derived from Supreme Court cases District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker–Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.").

"[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused

5

by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  If these requirements are met, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction.  Id.

Plaintiff's complaint demonstrates that she seeks review of the state court complaint and that her allegations derive from the state court proceedings.  In describing her claims, she complains of conduct by "NJ Attornies" in denying her motions in the state court matter and in treatment of the evidence in the state court matter.  (ECF 1 at 4).  She complains of behavior by the state courts.  (Id.).  She complaints of conduct by the EEOC in not interviewing her, which implicates the facts underlying her state court suit.  (Id.).  Finally, she complains that "Federal judges covered for the judges below."  (Id.).  These allegations directly implicate the Rooker-Feldman doctrine, similar to claims in 1:17-cv-08904-NLH-JS.  The fact that Plaintiff has changed the parties, naming the Department of Labor, Attorney General, former President of the National Bar Association, and EEOC does not change the fact that what

6

Plaintiff's claims here are "inextricably intertwined" with the state court proceedings. See Port Authority Police Benev. Ass'n, Inc., 973 F.2d at 177. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint, and it must also be dismissed on this basis.

### C. Sovereign Immunity

We recognize that Andrew Bruck has also challenged Plaintiff's claims (1) barred by eleventh amendment sovereign immunity, (2) because Attorney General Bruck is not a person for purposes of § 1983, and (3) barred by qualified immunity. Because we are dismissing pursuant to the Rooker-Feldman doctrine we will not reach discussion of these claims, although we note the additional barrier to Plaintiff's relief presented by these questions of immunity.

### III. CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss the complaint will be granted. Moreover, because we have found that this court does not have subject matter jurisdiction to hear any of Plaintiff's claims, we will dismiss this case against all Defendants, including those who have not yet been served or appeared.

An appropriate order will be entered.

Date: February 24, 2023         s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

7